## STRANERI v. UNITED STATES.

### Civ. No. 7572.

District Court, E. D. Pennsylvania.
March 31, 1948.

William M. Alper (of Freedman, Landy & Lorry), of Philadelphia, Pa., for plaintiff.

Gerald A. Gleeson, U. S. Atty. and James P. McCormick, Asst. U. S. Atty., both of Philadelphia Pa., for defendant.

GANEY, District Judge.

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the United States filed this motion to dismiss the complaint for the reason that the claim arose in a foreign country within the meaning of section 421(k) of the Federal Tort Claims Act.[1] This section provides that the Act "shall not apply to * * * (k) Any claim arising in a foreign country".

The complaint, which we must take at its face value, avers that on May 29, 1945, while Archangello Straneri, a merchant

---

[1] Act of August 2, 1946, c. 753, Title IV, section 421(k), 60 Stat. 845, 28 U.S.C.A. § 943(k).

seaman, was riding a motorcycle in the Port of Ghent, Belgium, then under the control of the military forces of the United States, a vehicle suddenly swerved, without warning, into the lane of traffic in which he was legally proceeding, striking and causing him to sustain a severe depressed fracture of the skull. At the time of the accident, the vehicle was being operated, with the permission of his superior officers, by a member of the United States Army, who was not then engaged in any combatant activity. On April 25, 1946, as a result of the injuries sustained by him and its consequences, the injured took his own life.

If the claim under consideration arose prior to January 1, 1945, the plaintiff obviously could not maintain this action. Unless the provisions of the Federal Tort Claims Act permit one to bring an action under the circumstances stated in his complaint, it is equally obvious that the plaintiff cannot now maintain this action. The determination of whether the Act so permits depends on the answer to the question whether Belgium was a foreign country at the time the decedent sustained his injuries.

The term "foreign country" is not a word of art, and its meaning is to be ascertained with reference to the particular act in which it is used. Burnet v. Chicago Portrait Co., 285 U.S. 1, 6, 52 S. Ct. 275, 76 L.Ed. 587. From a reading of the section[2] of the Act conferring jurisdiction on the Federal district courts to entertain actions under the Act it seems to us that when Congress used the term "foreign country", it meant all lands other than those for which it is the supreme legislative body. That is, as one of the conditions precedent to recovery from the United States, the tort must have been committed on lands within the boundaries of the United States or its territories and possessions.[3] All other lands are to be considered as foreign country irrespective of the degree of control the executive branch

of the United States government might otherwise exert over them.

If we assume for the purposes of argument that Belgium had been on the enemy side during World War II, our military occupation thereof would not have brought it within our sovereignty in the absence of some affirmative act of Congress done pursuant to its legislative or treaty-making power. See Fleming v. Page, 1850, 9 How. 603, 614, 615, 50 U.S. 603, 614-615, 13 L.Ed. 276; De Lima v. Bidwell, 1901, 182 U.S. 1, 182, 21 S.Ct. 743, 45 L.Ed. 1041. Consequently it should follow that Belgium was not brought within that group of countries over which Congress has full power, subject to Constitutional limitations, to enact laws whereby the people therein shall be governed, when it is considered that our armed forces went into Belgium for one purpose only; to wit, to drive out the invading forces which had overrun and occupied that country.

The motion to dismiss the complaint is sustained.

---

[2] Section 410(a) of Title IV of the Act, as amended, 28 U.S.C.A. § 931(a).

[3] The forty-eight States, including the District of Columbia and federal reserva-tions, Alaska, Hawaii, Puerto Rico, the Virgin Islands, the Canal Zone, Guam, Samoa and other Pacific Island possessions. See 48 U.S.C.A. §§ 1431, 1431a.